UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Edward Fritz, | ) C/A No.  2:13-3532-RMG-BM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Allyn Akosomitas; Cody Groeber; Det. | ) |
| Kimberly Milks; Mason West, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

The Plaintiff, William Edward Fritz, proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983.  He is currently a state prisoner, incarcerated at the Turbeville Correctional Institution of the South Carolina Department of Corrections ("SCDC"). At the time he filed this action, he was a pretrial detainee at the Berkeley County Detention Center. Plaintiff seeks monetary damages and injunctive relief for alleged violations of his constitutional rights.

### Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), *Nasim v. Warden, Maryland House of*



*Corr.*, 64 F.3d 951 (4th Cir. 1995), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a *pro se* complaint to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this standard, for the reasons set forth hereinbelow this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (outlining pleading requirements under the Federal Rules of Civil Procedure).

### Discussion

At the time Plaintiff filed this action, he was a pretrial detainee at the Berkeley County Detention Center. His allegations concern a burglary second charge (warrant number 2013A0810400527) from approximately February 2013. Plaintiff claims that Defendant Allyn Akosomitas ("Akosomitas") met numerous times with Defendant Detective Kimberly Milks ("Milks") regarding Akosomitas's "rental property being broken into," after which Plaintiff was charged with burglary despite a lack of evidence. Plaintiff alleges that Milks and Akosomitas "conspired to charge me with the crime" and that Akosomitas convinced Milks to file a charge of burglary against him. ECF NO. 1 AT 3. Plaintiff further alleges that Defendant Cody Groeber



("Groeber"), the public defender assigned to his case, failed to provide him with fair legal representation, and that Defendant Milks gave false testimony at the preliminary hearing pertaining to the burglary charge. He requests monetary damages, dismissal of the burglary charge, and written apologies from the Berkeley County Solicitor's Office and Defendant Milks.[1]

On April 24, 2014, Plaintiff informed the Court that his address had changed to the Turbeville Correctional Institution, part of the SCDC system. ECF No. 12. SCDC inmate records indicate that Plaintiff is serving sentences for grand larceny (probation violation) and receipt of stolen goods valued at two thousand (2,000) dollars or less. *See* http://public.doc.state.sc.us/sdcc-public/ [Search Inmate "William Edward Fritz," Number 00358823].[2] The records of the Public Index for the Clerk of Court for Berkeley County[3] reveal that on February 7, 2014, the charge complained of in this Complaint was dismissed. That same day, Plaintiff pled guilty to a charge of receiving stolen goods, valued at two thousand (2,000) dollars or less (case number 2013GS0801788), to which he was sentenced to six years (concurrent to probation violation). *See* Berkeley County Ninth Judicial Circuit Public Index, http://publicindex.sccourts.org/Berkeley/PublicIndex/CaseDetails.aspx?County=08&CourtAgenc

---

[1]In a letter attached to his Complaint, Plaintiff lists things he has "lost" as a result of being detained, including that he was seriously injured in an assault while at the detention center. ECF No. 1-1. However, Plaintiff he has not made any allegations against the named Defendants concerning this alleged attack.

[2]This Court "may properly take judicial notice of matters of public record." *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

[3]A federal court may take notice of proceedings in other courts if those proceedings have a direct relation to matters at issue. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)



y=08001&Casenum=2013A0810400527&CaseType=C (last visited May 16, 2014);

http://publicindex.sccourts.org/Berkeley/PublicIndex/CaseDetails.aspx?County=08&CourtAgenc

y=08001&Casenum=2013GS0801788&CaseType=C (last visited May 16, 2014).


### *Heck v. Humphrey*

   Initially, to the extent Plaintiff is asserting a malicious prosecution claim against the

Defendants, Plaintiff's Complaint is subject to summary dismissal based on the United States

Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), wherein the United States

Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where

success of the action would implicitly question the validity of the conviction or duration of the

sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously

invalidated. *Heck*, 512 U.S. at 486-487.  The requirement that a conviction be set aside or charges

finally dismissed without the possibility of revival before a § 1983 claim based on allegedly unlawful

circumstances surrounding a criminal prosecution may be pursued is a "favorable termination" rule

and is required for state-based malicious prosecution claims. *See Brooks v. City of Winston-Salem*,

85 F.3d 178, 183 (4th Cir. 1996).  Where the conviction is not actually obtained on the disputed

charge or charges, as is the case here, the favorable termination rule requires that the prosecution of

the criminal charges on which an alleged constitutional violation claim is based be terminated for

reasons indicative of the innocence of the criminal defendant.  Restatement (Second) of Torts § 660

(1977).

4



This Court and others have held that a simple, unexplained *nolle prosequi* or "dismissal" or "disposal" of pending state charges that results in the dismissal of the charges for reasons other than the criminal defendant's innocence does not satisfy the *Heck* "favorable termination" requirement.  *See Wilkins v. DeReyes*, 528 F.3d 790, 802-03 (10th Cir. 2008); *Washington v. Summerville*, 127 F.3d 552, 558-559 (7th Cir. 1997); *Jackson v. Gable*, C/A No. 0:05-2591-HFF-BM, 2006 WL 1487047, at *6 (D.S.C May 25, 2006); *see also Nicholas v. Wal-Mart Stores, Inc.*, 33 F. App'x 61, 64-65 (D.S.C. 2002)(state-law-based malicious prosecution; favorable termination requirement).  Here, Plaintiff filed this action prior to the disposition of the burglary charge, and although the charge has now been dismissed, it appears that this dismissal was part of a plea deal.  Further, even if it was not, Plaintiff has not alleged any facts to indicate that the dismissal of the charge satisfied the *Heck* favorable termination requirement.  Therefore, Plaintiff's malicious prosecution claims are barred by *Heck*, and should be dismissed.  *See Lambert v. Williams*, 223 F.3d 257, 260–261 (4th Cir. 2000)(claim for malicious prosecution requires a showing that the initiation or maintenance of a proceeding against the plaintiff was without probable cause to support it and a termination thereof occurred in favor of the plaintiff), *cert. denied*, 531 U.S. 1130 (2001); *Brooks v. City of Winston–Salem*, 85 F.3d 178, 183 (4th Cir. 1996) (Claim for malicious prosecution does "not accrue until a favorable termination is obtained."); *Roesch v. Otarola*, 980 F.2d 850, 853–854 (2d Cir. 1992)(holding that requirement that a plaintiff receive favorable termination applies to claims of false arrest, false imprisonment, and malicious prosecution).  *Cf. Etchebar v. F.B.I.*, No. 13-752, 2014 WL 73191943, at * 6 (D.S.C. Mar. 28, 2014).



Defendant Akosomitas

In addition to Plaintiff's malicious prosecution claim (the only claim applicable to the Defendant Milks as a state actor) being subject to dismissal, Plaintiff alleges that Defendant Akosomitas (the victim in the case), by meeting with Milks more than ten times, "conspired" with Defendant Milks to charge Plaintiff with the crime of burglary despite a lack of evidence against him. However, in order to state a cause of action under § 1983, a plaintiff must show both that: (1) individual defendant(s) deprived him of a federal right, and (2) that they did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Hall v. Ouillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under § 1983 or the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961).[4] To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." *Lugar*, 457 U.S. at 937; *see U.S. v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen Helpers of Am.*, AFL–CIO, 941 F.2d 1292, 1296 (2d Cir.1991); *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980).

---

[4]*Burton* involved the Equal Protection Clause of the Fourteenth Amendment, not 42 U.S.C. § 1983. However, federal courts have uniformly held that conduct which constitutes state action under the Fourteenth Amendment also constitutes action under color of state law, insofar as suits under 42 U.S.C. § 1983 are concerned. *West v. Atkins*, 487 U.S. 42, 48–49 (1988) (collecting cases).



Akosomitas, the alleged victim of the burglary with which Plaintiff was charged, is a private citizen, and Plaintiff fails to allege facts to support a claim that Akosomitas acted under color of state law. Thus, Akosomitas is entitled to dismissal as a party Defendant even if Plaintiff's malicious prosecution claim was otherwise viable.

Defendant Groeber

Plaintiff alleges that his public defender, Defendant Groeber, refused his requests to ask for a bond reduction and to have his case dismissed, and instead worked with the Solicitor's Office to force him to take a plea. Plaintiff's claims against Defendant Groeber are subject to dismissal because Groeber is not a state actor and has therefore not acted under color of state law. *Polk County v. Dodson*, 454 U.S. 312, 318(1981)("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."). It is well settled that an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. *See Polk*, 454 U.S. at 317–324 nn. 8–16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d at 1155–1156 & nn. 2–3 (4th Cir.1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney).

Plaintiff may pursue a state law claim for legal malpractice against this Defendant, if he believes he has such a claim, or an ineffective assistance of counsel claim in a state PCR action, but he may not pursue a § 1983 damages claim against this Defendant in federal court.

7



<u>Defendant Mason West</u>

With respect to Defendant Mason West, although this individual is included as a party Defendant in the caption of this case, Plaintiff fails to assert any claims against Mason West in his Complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(requiring, in order to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests'" (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiff, in the "Parties" section of his Complaint, merely identifies Defendant West as being an assistant solicitor located in Moncks Corner, South Carolina. Complaint, ECF No. 1 at 2.

Additionally, to the extent Plaintiff has intended to assert his malicious prosecution claim against West based on Defendant West's role as an assistant solicitor, West is entitled to prosecutorial immunity. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* S.C. Const., art. V, § 24; S.C.Code Ann, § 1–7–310. Solicitors have absolute immunity for their prosecution-related activities in or connected with judicial proceedings, to include, but not limited to, prosecutorial actions and decisions related to the Solicitor's participation in a criminal trial, bond hearings, grand jury proceedings, pre-trial motions hearings, and ancillary civil proceedings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *see also Bernard v. County of Suffolk*, 356 F.3d 495, 502 (2d Cir. 2004) (immunity extends to "persons working under [a prosecutor's] direction, when they function as advocates for the state" and are clearly associated with the judicial process).

8



Plaintiff has offered no factual allegations to show that West was at any time acting outside the scope of his prosecutorial duties.  Indeed, he has offered no factual allegations against this Defendant at all.  Therefore, West is entitled to dismissal as a party Defendant.

Conspiracy

Finally, Plaintiff alleges that Defendants Akosomitas and Milks "conspired" to charge him with a crime.  He also claims that Defendant Groeber was "working with the Berkeley County Solicitor[']s Office to force [Plaintiff] to take a plea."  ECF No. 1 at 4.  To the extent this claim would be considered separately from Plaintiff's malicious prosecution claim, and further assuming *Heck* would not bar such a claim, to establish a civil conspiracy under § 1983, a plaintiff must show that the defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted in the deprivation of a constitutional right.  *Glassman v. Arlington Cnty.*, 628 F.3d 140, 150 (4th Cir.2010) (citing *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir.1996)).  In other words, plaintiff's factual allegations must reasonably lead to the inference that the defendants came to a mutual understanding to try to "accomplish a common and unlawful plan," and must amount to more than "rank speculation and conjecture."  *Hinkle*, 81 F.3d at 422; *see also Sutton v. Calhoun*, No. 86–6673, 1986 WL 18629, at *1 (4th Cir. Sept. 9, 1986)(finding that complaint making general allegation of conspiracy between public defender, state judge, and prosecutor without supporting facts failed to make an adequate allegation of conduct under color of state law as to the public defender)(quoting *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983)).

In the present action, Plaintiff provides no concrete facts to demonstrate that the Defendants came to any mutual understanding, or acted "jointly in concert," to deprive Plaintiff of

9



any constitutional right. *See Hinkle*, 81 F.3d at 421; *see also Ruttenberg v. Jones*, No. 07–1037, 2008 WL 2436157 (4th Cir. June 17, 2008).   Rather, he makes only general and conclusory allegations than an alleged unlawful "conspiracy" existed. *House v. New Castle County*, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]. Thus, Plaintiff's allegations that he was the victim of an unlawful "conspiracy" arising under § 1983 are subject to dismissal.    *Wetherington v. Phillips*, 380 F. Supp. 426, 428-429 (E.D.N.C. 1974)[generalized allegations of a civil conspiracy are not sufficient to maintain a claim under § 1983], aff'd., 526 F.2d 591 (4th Cir. 1975).

## <u>Recommendation</u>

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process.  Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

May 28, 2014
Charleston, South Carolina

10



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

11
