IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| William Edward Fritz, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Allyn Akosomitas; Cody Groeber; Det. ) <br> Kimberly Milks; and Mason West, ) <br> ) <br> Defendants. ) <br> _____ ) | No. 2:13-cv-3532-RMG <br><br> **ORDER** |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending this case be dismissed without prejudice and without issuance and service of process. (Dkt. No. 14). As set forth below, the Court agrees with the R&R in part.

**Background**

Plaintiff, a state prisoner proceeding pro se and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983. (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC, this case was assigned to a Magistrate Judge for all pretrial proceedings. Under established local procedure in this judicial district, the Magistrate Judge conducted a careful review of the complaint pursuant to the provisions of 28 U.S.C. § 1915 and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). Following this review, the Magistrate Judge issued the present R&R. (Dkt. No. 14). Plaintiff then filed objections to the R&R. (Dkt. No. 17).

1

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Under 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss a prisoner's action if it determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

In reviewing these pleadings, the Court is mindful of Plaintiff's pro se status. This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

**Discussion**

In this civil action, Plaintiff's allegations concern a burglary second charge (warrant number 2013A0810400527) from approximately February 2013. Plaintiff claims that Defendant Allyn Akosomitas ("Akosomitas") met numerous times with Defendant Detective Kimberly Milks ("Milks") regarding Akosomitas's "rental property being broken into," after which

Plaintiff was charged with burglary despite a lack of evidence. Plaintiff alleges that Milks and Akosomitas "conspired to charge me with the crime" and that Akosomitas convinced Milks to file a charge of burglary against him. Plaintiff further alleges that Defendant Cody Groeber ("Groeber"), the public defender assigned to his case, failed to provide him with fair legal representation, and that Defendant Milks gave false testimony at the preliminary hearing pertaining to the burglary charge. (*See* Dkt. No. 1). Public records reflect that on February 7, 2014, after Plaintiff filed this action, Plaintiff pled guilty to a charge of receiving stolen goods and the charge complained of in the complaint was dismissed. (Dkt. No. 8 at 3-4). The Magistrate Judge interpreted the complaint as asserting claims for malicious prosecution, legal malpractice, and conspiracy. However, the Magistrate Judge determined that Plaintiff failed to allege facts sufficient to a state claim under any of those theories. (Dkt. No. 8).

After review of the record, the R&R, and Plaintiff's objections, the Court disagrees that Plaintiff's "malicious prosecution" claim under § 1983 must be dismissed. The Magistrate Judge recommended the Court dismiss this claim for failure to satisfy the "favorable termination" requirement for such claims. *See Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 183 (4th Cir. 1996). However, Plaintiff has objected that the record will show that the solicitor's office dismissed the burglary charge for "lack of evidence" and that this satisfies the "favorable termination" rule. (Dkt. No. 17 at 3). The Court agrees with Plaintiff that this would satisfy the "favorable termination" rule because it is a disposition that indicates the innocence of the accused. *Wilkins v. DeReyes*, 528 F.3d 790, 803 (10th Cir. 2008) (finding dismissal of a criminal charge because of "insufficient evidence" is favorable termination). Therefore, the Court finds that Plaintiff's claim for malicious prosecution should not be dismissed.

3

The Magistrate Judge also recommended dismissing Plaintiff's claim against Defendant Akosomitas for conspiracy under § 1983 because Akosomitas, a private actor, cannot be held liable under § 1983. However, a private party involved in a conspiracy with a state actor can be liable under § 1983. "To sustain such a claim, the plaintiff must allege facts showing an agreement or meeting of the minds between the state actor and the private actor to engage in a conspiracy to deprive the plaintiff of a constitutional right. To establish liability through conspiracy, a plaintiff must demonstrate that: (1) a state official and private individual reached an understanding to deprive the plaintiff of his constitutional rights, and (2) the individual was a willful participant in joint activity with the State or its agents." *Hessami v. Corp. of Ranson*, 170 F. Supp. 2d 626, 634 (N.D.W.Va. 2001). The complaint asserts that Akosomitas and Milks met at least ten times and conspired to prosecute him despite lack of evidence. Although allegations of conspiracy customarily must be made with more specificity, *see Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983), the Court must also liberally construe Plaintiff's Complaint and therefore finds that this claim should not be dismissed at this preliminary stage of the litigation.

However, the Court agrees with the Magistrate Judge that Plaintiff's claims against Defendant Groeber, his public defender, must be dismissed. Any claim under § 1983 must be dismissed because a public defender is not a state actor and does not act under color of state law. *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981). Any action for legal malpractice under state law must be dismissed for failure to comply with South Carolina's expert affidavit requirement. S.C. Code § 15-36-100. Further, to the extent Plaintiff brings any "conspiracy" claim against Groeber, the Court agrees with the Magistrate Judge that Plaintiff's allegations, even under the

4

liberal standard afforded pro se litigants, fails to rise above mere speculation and must be dismissed. *See Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996).

Finally, Plaintiff's claims against Defendant West, the assistant solicitor, also must be dismissed because he is entitled to prosecutorial immunity. *See Brown v. Daniel*, 230 F.3d 1351 (4th Cir. 2000) (Table Opinion) ("to the extent Taylor's estate alleges that the prosecutors engaged in misconduct during the prosecution of this case (e.g., that the prosecutors knowingly used perjured testimony and otherwise maliciously prosecuted Taylor), the prosecutors are absolutely immune).

## Conclusion

As set forth above, the Court agrees with the R&R in part. Specifically, the Court agrees with the Magistrate Judge that Plaintiff's claims against Defendants Groeber and West are properly dismissed pursuant to 28 U.S.C. § 1915 and that these Defendants should be terminated as parties to this action and not be served with the complaint. However, the Court finds that Plaintiff's claims against Defendants Milks and Akosomitas should not be dismissed at this preliminary stage.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

June 24, 2014
Charleston, South Carolina

5