# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William Edward Fritz, #358823, | ) | Civil Action No.  2:13-3532-RMG-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| Allyn Akosomitas and | ) | |
| Det. Kimberly Milks, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

     This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C.§ 1983.  At the time Plaintiff filed this action he was a pretrial detainee at the Berkeley County Detention Center; however, he is now a state prisoner incarcerated with the South Carolina Department of Corrections (SCDC) at the Turbeville Correctional Institution.  See Court Docket No. 12.

     The Defendant Kimberly Milks filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on October 2, 2014.  Because the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on October 3, 2014, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response.  Plaintiff was specifically advised that if he failed to adequately respond, the Defendant's motion may be granted.  Thereafter, on October 6, 2014, the Defendant Allyn Akosomitas also filed a motion for summary judgment, following



1

which a second <u>Roseboro</u> order was entered on October 7, 2014.[1]

Plaintiff filed memoranda in opposition to the Defendants' motions for summary judgment on October 28, 2014, following which the Defendant Milks filed a reply memorandum on November 7, 2014. Plaintiff filed an additional "Declaration" with an attached exhibit on January 26, 2015, together with two CDs.

The Defendants motions are now before the Court for disposition.[2]

## **Background and Evidence**

Plaintiff alleges in his verified Complaint[3] that on or about February 25, 2013 the Defendant Akosomitas met with the Defendant Milks, a detective with the Berkeley County Sheriff's Department, in reference to rental property owned by Akosomitas having been broken into. Plaintiff alleges that Milks and Akosomitas "conspired to charge [him] with the crime". Plaintiff alleges that the Sheriff's Department did not "process the crime scene" for two weeks, and that even though they did not have any proof that he had committed the break in, Akosomitas convinced Milks to file a charge of burglary against him. Plaintiff alleges that after he was charged with the crime, he refused to enter a plea because he "had nothing to do with" the break in. Plaintiff also alleges that the

---

[1]There were originally two additional named Defendants in this case; Cody Groeber and Mason West, both of whom have already been dismissed as party Defendants in this case. <u>See</u> Court Docket No. 19; <u>see</u> <u>also</u> Court Docket No. 14.

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed motions for summary judgment. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[3]In this Circuit, verified complaints by <u>pro</u> <u>se</u> litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. <u>Williams v. Griffin</u>, 952 F.2d 820, 823 (4th Cir. 1991).

2



Defendant Milks gave "false testimony" at his preliminary hearing, including that she had changed dates to make it seem that the police were called the same day he was at the victim's home, "which is false". As of the time of the filing of the Complaint, Plaintiff alleged that he was "currently awaiting trial".[4] Plaintiff seeks to have he burglary charge dropped and/or dismissed, that Milks and the Berkeley County Solicitor's Office be required to issue him an apology, and that he be compensated for lost wages he incurred while being locked up. See generally, Verified Complaint.

In support of summary judgment in this case, the Defendant Kimberly Milks has submitted an affidavit wherein she attests that she is a Detective employed by the Berkeley County Sheriff's Office, and that in this capacity she was assigned to investigate a report of theft of copper wiring from a property owned by Allyn Akosomitas located at 1441 Witherbee Road. Milks attests that she spoke with Akosomitas on March 3, 2013, and that he told her that he had spoken with the previous tenant, who he had originally thought was involved in the theft, and that that previous tenant had told him that April Fritz had been at the property removing a latch from the gate around 5:00 p.m. on February 25, 2013. Milks attests that Akosomitas also reported that aluminum cans had been stolen from the property as well. Milks attests that she then searched for and made contact with April Fritz and scheduled to meet with her.

Milks attests that on March 4, 2013, another detective with the Berkeley County Sheriffs Office obtained video from Berkeley Scrap and Metal which showed April Fritz and William Fritz (the Plaintiff herein) arriving at Berkeley Scrap and Metal on February 25, 2013 at

---

[4]In an "objection" filed on June 18, 2014 to a previously entered Report and Recommendation, Plaintiff asserted that, since the filing of this action, the Solicitor's Office had dismissed the burglary charge on February 7, 2014 due to lack of evidence. See Court Docket No. 17, p. 3.



approximately 1:30 p.m. Milks attests that she also obtained a receipt from Berkeley Scrap and Metal which showed that five pounds of aluminum cans and sixty two pounds of copper wiring were recycled by William Fritz. Milks attests that she thereafter met with April Fritz on March 6, 2013, who told her that she and her brother [the Plaintiff] were at 1441 Witherbee Road on February 23, 2013, and that the Plaintiff had taken some aluminum cans, but she did not know what else he had taken. Milks attests that she then met with a neighbor, Walter Cumbee, on March 22, 2013, who told her that on February 23, 2013 he saw a black vehicle at 1441 Witherbee Road, and that he had seen the Plaintiff at the trunk of the vehicle.

Milks attests that based on the video, the receipt, and the statements of April Fritz and Walter Cumbee, she obtained an arrest warrant for burglary second for the Plaintiff on April 9, 2013. Milks further attests that during the preliminary hearing she testified from her report and, to the best of her knowledge and recollection, testified to the correct dates, but that if any mistakes were made, they were without her knowledge and without any intent to defraud the court.

Milks also attests that at no time during the investigation did Mr. Akosomitas ever mention Plaintiff's name, nor did Akosomitas ever ask her to arrest or charge the Plaintiff. Milks attests that she only spoke with Akosomitas about this matter one time, on March 3, 2013, before the arrest warrant was issued for the Plaintiff, and that the first time she met with Akosomitas was at the preliminary hearing on June 7, 2013. Milks further attests that even if Akosomitas had asked her to arrest the Plaintiff, she would not have done so without performing her own investigation to determine if there was probable cause. Milks attests that before this investigation, she did not know the Plaintiff and to her knowledge had never met him; that she had no ill will or bad feelings for the Plaintiff; and that at all times she followed the policies and procedures of the Sheriff's Office during



her investigation.  See generally, Milks Affidavit.

In addition to her Affidavit, the Defendant Milks has also provided a copy of the Incident Report from February 23, 2013, with attached Supplementary Report dated April 9, 2013, showing that the previous tenant had identified April Fritz as having been at the property at approximately 5:00 p.m. on February 25, 2013, as well as discussing the video and receipt evidence obtained from Berkeley Scrap and Metal, and a second Supplementary Report dated April 12, 2013 indicating that the Plaintiff had been arrested that date.  Milks' Exhibit A.  A copy of the Berkeley Scrap Metal receipt dated February 25, 2013 showing the purchase of the cans and copper wiring from the Plaintiff is attached as Milks' Exhibit B.  A copy of a probation violation Report is attached as Milks' Exhibit C.  A copy of the Affidavit and Arrest Warrant for the Plaintiff dated April 10, 2013 is attached as Milks' Exhibit D.  A copy of a letter to the Plaintiff from the Berkeley County Central Criminal Traffic Court notifying Plaintiff that summary courts do not provide written transcripts of hearings is attached as Milks' Exhibit E.  A copy of an Indictment/Warrant Status Change Form dated February 7, 2014, and indicating that the charges against Plaintiff had been dismissed because he had "pled to other charges" is attached as Milks' Exhibit F.  A copy of the General Sessions Indictment Sheet showing that Plaintiff pled guilty to a charge of receiving stolen goods and received a six (6) year sentence on February 7, 2014 is attached as Milks' Exhibit G.[5] Finally, a copy of Plaintiff's SCDC Incarceration Sheet is attached as Milks' Exhibit I.  See generally, Milks' Affidavit, with attached Exhibits.

The Defendant Allyn Akosomitas has also submitted an Affidavit wherein he attests

---

[5]This document also indicates Plaintiff's probation was revoked, with the sentence to be served concurrent to his other conviction.



that on March 3, 2013 he spoke with Detective Milks over the telephone to discuss the theft of copper wire from his rental property in Moncks Corner. Akosomitas attests that he did not know Milks prior to this telephone conversation. Akosomitas further attests that during this conversation he never mentioned, and they did not discuss, the Plaintiff William Fritz, although they did discuss his former tenant as well as April Fritz. Akosomitas attests that the primary purpose of his speaking with Detective Milks on March 3, 2013 was to answer her questions to the best of his ability, and that he never asked Milks to arrest or charge the Plaintiff. Akosomitas attests that, to the best of his knowledge, he met with Detective Milks a total of three times, all of which were subsequent to Plaintiff being charged and arrested for the burglary at his property. See generally, Akosomitas Affidavit. Akosomitas has attached to her Affidavit copies of some of the same exhibits submitted by Detective Milks.

As attachments to his memorandum in opposition to the Defendants' motions, Plaintiff has also submitted copies of many of these same documents. Plaintiff has also submitted a copy of a Supplementary Report dated March 7, 2013, filed by Officer Patrick Moylan, who indicated that he had interviewed witness Walter Cumbee and who had stated that on February 23, 2013 at around 5:00 p.m. he observed a black in color motor vehicle pull up in front of the victim's residence and that an unknown white male subject got out of the vehicle. The narrative in the report indicates that Cumbee was unable to identify the subject, as well as that results were negative for any latent prints. See Plaintiff's Exhibit (Court Docket No. 55-1, p. 6).[6] Finally, Plaintiff also submitted two CD discs, which are an interview that the Defendant Milks conducted with April Fritz, and some

---

[6]This Supplementary Report is dated prior to Milks' meeting with Cumbee on March 22, 2013. Milks Affidavit; see also Milks Exhibit A [Court Docket No. 45-2, at p. 6].



video footage of the scrap metal store and other areas.

### Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review of the evidence and arguments presented, the undersigned concludes that the Defendants are entitled to summary judgment in this case.

First, this action is barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994), which held that before a Plaintiff can recover damages for an allegedly unconstitutional conviction, or any damages bearing a relationship to a conviction, the Plaintiff must first show that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into



question by a federal courts's issuance of a writ of habeas corpus. Otherwise, any complaint which necessarily implies the invalidity of such a conviction or sentence, if successful, must be dismissed.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. * * *

Heck, 512 U.S. at 487.

> While the cited language from Heck discusses a conviction or sentence, even where there has been no conviction on criminal charges, before a Section 1983 damages claim can be pursued a Plaintiff must nevertheless show that the charges against him were dismissed in a manner consistent with innocence. Cf. Washington v. Summerville, 127 F.3d 552, 557 (7th Cir. 1997), cert. denied, 118 S.Ct. 1515 (1998). This "favorable termination" requirement applies to state based malicious prosecution claims, which is what Plaintiff is asserting here. Cf. Roesch v. Otarola, 980 F.2d 850, 853-854 (2d Cir. 1992) [holding that requirement that § 1983 plaintiff receive favorable termination applies equally to claims of false arrest, false imprisonment and malicious prosecution]; see Lambert v. Williams, 223 F.3d 257, 260–261 (4th Cir. 2000)[claim for malicious prosecution requires a showing that the initiation or maintenance of a proceeding against the plaintiff was without probable cause to support it and a termination thereof occurred in favor of the plaintiff], cert. denied, 531 U.S. 1130 (2001); Brooks v. City of Winston–Salem, 85 F.3d 178, 183 (4th Cir. 1996) [Claim



for malicious prosecution does "not accrue until a favorable termination is obtained."]; McKenney v. Jack Eckerd Co., 402 S.E.2d 887-888 (S.C. 1991); State v. Gaskins, 210 S.E.3d 590, 592 (S.C. 1974); cf. Etchebar v. F.B.I., No. 13-752, 2014 WL 73191943, at * 6 (D.S.C. Mar. 28, 2014); see also Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) ["There is no question that Heck bars [Plaintiff's] claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him. [Plaintiff] may challenge the validity of his arrest, prosecution and conviction only by writ of habeas corpus."].

Although Plaintiff stated in his "objection" filed June 18, 2014 that the burglary charge at issue in this case was dismissed by the Solicitor due to lack of evidence, Plaintiff has provided no evidence whatsoever to substantiate that statement. House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; see also Washington, 127 F.3d at 557 ["the Plaintiff has the burden of proving a favorable termination"] (citation omitted). Conversely, the Defendant Milks has provided documentary evidence showing that the criminal charge at issue in this lawsuit (Warrant No. 2013A0810400527) was in fact dismissed because Plaintiff pled guilty to other pending charges. See Milks Exhibits D, F, and G. A dismissal of pending state charges for reasons other than the criminal defendant's innocence does not satisfy the Heck "favorable termination" requirement. Povertud v. City of New York, 750 F.3d 121, 130-132 (2d Cir. 2014) [Favorable termination does not include where charge is abandoned or prosecutor fails to prosecute based on a compromise]; McIntosh v. Crist, No. 13-103, 2015 WL 418982 at * 6 (W.D.Pa. Feb. 2, 2015) [Guilty plea to other charges was not favorable termination of charges dismissed as a result]. Therefore, Heck v. Humphrey bars Plaintiff's malicious prosecution claim.



Additionally, even if <u>Heck</u> was not a bar to the prosecution of this action, it would still be subject to dismissal.  Since the burglary charge against him is no longer pending, Plaintiff's request to have this charge dropped and/or dismissed is moot.  <u>Cf</u>. <u>Powell v. McCormack</u>, 395 U.S. 45, 496 (1969) ["[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome"].  This Court also does not have the power or authority to discipline Milks and/or the Berkeley County Solicitor's Office or to require that he be issued an apology. <u>Cf</u>. <u>Maxton v. Johnson</u>, 488 F.Supp. 1030, 1032, n. 2 (D.S.C. 1980); <u>Sullivan v. Ortley</u>, No. 11-131, 2011 WL 4857384 at * 3 (D.Mont. Oct. 31, 2011) [Plaintiff's request for an apology is not a form of relief that the court had authority to grant], <u>adopted by</u>, 2011 WL 5156337 (D..Mont. Oct. 26, 2011).

Further, in order for Plaintiff to have set forth a viable malicious prosecution claim against Milks, Plaintiff must not only have evidence to show that the criminal proceedings were ultimately terminated in his favor (which he does not have), but also that Milks caused a seizure of the Plaintiff pursuant to legal process unsupported by probable cause.  <u>Evans v. Chalmers</u>, 703 F.3d 636, 647 (4th Cir. 2012) [A malicious prosecution claim under § 1983 "is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort"], quoting <u>Lambert v. Williams</u>, 223 F.3d at 261 [claim for malicious prosecution requires a showing that the initiation or maintenance of a proceeding against the Plaintiff was without probable cause to support it]; <u>see</u> <u>also</u> <u>Jordon v. Deese</u>, 452 S.E.2d 838, 839 (S.C. 1995); <u>Law v. South Carolina Dept. of Corrections</u>, 629 S.E.2d 642, 648 (S.C. 2006).  As previously noted, the evidence does not show that the criminal proceedings involved in this lawsuit were ultimately terminated in Plaintiff's favor, but even if they were, the evidence before the Court is not sufficient

10



to give rise to a genuine issue of fact as to whether Milks caused Plaintiff to be arrested pursuant to legal process which was unsupported by probable cause.

While it is readily apparent that Plaintiff does not agree with the evidence in this case, the documentary evidence submitted (as well as both the Milks and Akosomitas Affidavits) show that Akosomitas reported the theft of copper wiring and aluminum cans from his property to Detective Milks on March 3, 2013, that during her investigation of the incident a previous tenant told Milks that Plaintiff's sister, April Fritz, had been at the property on February 25, 2013, that documentary and video evidence was obtained showing both April Fritz and the Plaintiff selling aluminum cans and 62 pounds of copper wiring to a scrap metal dealer on February 25, 2013, that during an interview with April Fritz on March 6, 2013 she told Milks that she and the Plaintiff had been at the subject property on April 23, 2013 and that Plaintiff had taken some aluminum cans, and that another neighbor told Milks that he had seen the Plaintiff at the subject property on February 23, 2013.  See generally, Milks Affidavit, Akosomitas Affidavit, Milks Affidavit, attached Exhibits A and B.  Milks then presented this evidence to a judge who found probable cause for the charge and issued an arrest warrant for the Plaintiff.  See Milks Exhibit D.  Cf. Brooks, 85 F.3d at 181 [no claim for false arrest where arrest was made pursuant to probable cause].[7]  There is no basis in this evidence for this Court

---

[7]The continuation of the charges is what distinguishes a malicious prosecution claim from a claim for false arrest or imprisonment.  See Wallace v. Kato, 549 U.S. 389 (2007) ["Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process - when, for example, he is bound over by a Magistrate or arraigned on charges . . .  Thereafter, unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process."] (internal citations omitted); see also Panzica v. Corrections Corp. of America, 559 Fed.Appx. 461, (continued...)



to conclude that a material fact exists as to whether Milks had probable cause to obtain a warrant in this case. Taylor v. Waters, 81 F.3d 429, 434 (4th Cir. 1996) [In assessing the existence of probable cause, courts examine the totality of the circumstances known to the officer at the time of the arrest]; Gantt v. Whitaker, 57 Fed. Appx. 141, 148 (4th Cir. Jan. 23, 2003) [Evidence making it more likely than not that a crime was committed was sufficient to establish probable cause regardless of whether it is ultimately sufficient to support a conviction].

    Plaintiff argues that probable cause for this charge was lacking because it was only based on Milks' "belief" that Plaintiff had committed the crime, and that at best the only charge that could have been filed against him was a charge for trespassing. However, Plaintiff's own lay opinion as to whether the evidence was sufficient to establish probable cause for the charge of burglary does not create an issue of fact sufficient to survive summary judgment. The evidence before the Court clearly reflects that a judicial officer found the evidence was sufficient to establish probable cause that the crime of burglary had been committed by the Plaintiff, and Plaintiff's mere disagreement with this finding is not a basis on which this Court can allow a malicious prosecution claim to proceed. Brown v. Gilmore, 278 F.3d 362, 368 (4th Cir. 2002)["To prove an absence of probable cause, [a plaintiff] must allege a set of facts which made it unjustifiable for a reasonable officer to conclude that he was violating [the law]"]; Grant, 57 Fed.Appx. at 148.

    Finally, Plaintiff's claim of conspiracy against the Defendant Akosomitas is patently without merit. Akosomitas was the victim of the crime committed in this case. He reported to the

---

    [7](...continued)
464-465 (6th Cir. Mar. 17, 2014)[Distinguishing between malicious prosecution and false imprisonment].



Sheriff's Office that he was the victim of a crime. For that, he has been forced to hire legal counsel to defend himself in this lawsuit. Although a private party may be liable under § 1983 when they engage in a conspiracy with a state actor to deprive someone of a constitutional right, "[t]o establish a civil conspiracy under § 1983, [the plaintiff] must present evidence that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [his] deprivation of a constitutional right." Marshall v. Odom, 156 F.Supp. 2d 525, 532 (D. MD. 2001), citing Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir.1996). Plaintiff provided no facts in his Complaint to support such a claim, nor has he provided any evidence to support this claim in opposition to this Defendant's motion for summary judgment. Rather, Plaintiff simply conclusorily alleges in his Complaint and in his memorandum opposing summary judgment that Akosomitas "conspired" with Milks to charge him with the crime of burglary, and that Akosomitas was a "pivotal player in the conspiracy" to falsely charge him with a crime, while providing absolutely no factual allegations or evidence to support this general and conclusory claim whatsoever. House, 824 F.Supp. at 485 [Plaintiff's conclusory allegations insufficient to maintain claim]; Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) ["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"]; see also Malik v. Sligh, No. 11-1064, 2012 WL 3834850, at * 5 (D.S.C. Sept. 4, 2012) [Finding that a self serving affidavit from the plaintiff was "simply not enough to create a genuine dispute as to any material fact" in light of the other evidence that disputed the credibility of plaintiff's self serving claims]. This claim should therefore be dismissed.



### **Conclusion**

Based on the foregoing, it is recommended that the Defendants' motions for summary

judgment be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

February 9, 2015
Charleston, South Carolina

14



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

15

