IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

William Edward Fritz, #358823,       )
                                     )
            Plaintiff,               )     Civil Action No. 2:13-3532-RMG
                                     )
v.                                   )
                                     )          **ORDER**
Allyn Akosomitas and Detective       )
Kimberly Milks,                      )
                                     )
            Defendants.              )
                                     )

This matter is before the Court on the Report and Recommendation ("R&R") of the

Magistrate Judge (Dkt. No. 67) recommending that this Court grant the Defendants' Motions to

Dismiss (Dkt. Nos. 45 and 48) and dismiss the case with prejudice. The Court hereby adopts the

R&R.

Plaintiff filed suit pursuant to 42 U.S.C. § 1983 on December 19, 2013, alleging that

Defendants conspired to fabricate a charge against him for burglary and that Defendant Milks

gave false testimony to support the charge. (Dkt. No. 1). He requested four types of relief: for

the charge to be dropped, for compensation for lost wages during the time he was in prison, for

an apology, and for a change of venue for his prosecution. (*Id.* at 5).

The Magistrate Judge makes only a recommendation to this Court. The recommendation

has no presumptive weight, and the responsibility for making a final determination remains with

this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court makes a *de novo*

determination of those portions of the R&R to which specific objection is made and may "accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." 28 U.S.C. § 636(b)(1). In this case the Magistrate Judge, in an order totaling fifteen

pages, carefully and thoroughly addressed each of the Petitioner's grounds, found each lacked

legal merit and recommended that the Defendants' motions for summary judgment be granted. (Dkt. No. 67). Plaintiff is not entitled to relief for several reasons, including the fact that the burglary charge has already been dropped as part of a guilty plea to other charges and the fact that all of the evidence in the record indicates that Plaintiff's arrest and subsequent charge were based on probable cause that he committed the burglary in question. (Dkt. No. 67 at 11-12).

Plaintiff filed objections to the R&R on February 25, 2015. (Dkt. No. 69). However, the objections reargue the same points asserted by Plaintiff in the Complaint and the Responses to the Motions for Summary Judgment (Dkt. Nos. 55 and 56); namely, that no evidence showed that he had removed property from the address where a theft was reported. However, the record shows that Defendant Milks collected witness testimony that indicated that Plaintiff was at the address where the theft of aluminum cans and copper wire took place, as well as video footage showing Plaintiff selling aluminum cans and copper wire to a scrap metal dealer within a week of the crime. Furthermore, as the R&R points out, no Section 1983 relief is available to a plaintiff who cannot show that the proceedings in question were ultimately terminated in his favor. (R&R at 67, citing *Heck v. Humphrey*, 512 U.S. 477 (1994)).

The Court has reviewed the R&R, the full administrative record in this matter, the relevant legal authorities, and Plaintiff's objections to the R&R. It hereby ADOPTS the R&R as the order of the Court, GRANTS the Motions to Dismiss (Dkt. Nos. 45 and 48), and DISMISSES the Complaint.

**AND IT IS SO ORDERED.**

2

_____
Richard Mark Gergel
United States District Court Judge

March 23, 2015
Charleston, South Carolina